UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANDREA GONZALEZ | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. |
| AUTO LIQUIDATION CENTER, INC., and MAJID ZOJAJI (a/k/a MIKE ZOJAJI), individually, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Comes now Andrea Gonzalez, by her undersigned counsel, and for her Complaint, alleges and says as follows:

## INTRODUCTION

1. The Plaintiff asserts that the Defendant has failed to pay the Plaintiff for hours worked and failed to pay the Plaintiff for overtime hours worked in violation of the minimum wage and overtime provisions of the FLSA, 29 U.S.C. §§ 206(a)(1), and 207(a)(1).

## PARTIES

2. The Plaintiff, Andrea Gonzalez, is a lawful resident of Allen County, Indiana.

3. The Defendant, Auto Liquidation Center, Inc. ("ALC") is a corporation located in Allen County, Indiana, which conducts business at 350 Lincoln Hwy W., New Haven, Indiana.

4. The Defendant Majid Zojaji ("Zojaji") is an individual resident of Allen County, Indiana and is the owner and president of ALC.

5. At all times relevant to this Complaint, the Plaintiff was a non-exempt employee for purposes of the Fair Labor Standards Act ("FLSA").

6. At all times relevant to this Complaint, Defendant ALC was an employer for the purposes of the FLSA.

7. At all times relevant to this Complaint, Zojaji had supervisory authority over the Plaintiff and was responsible in whole or in part of the violations of law giving rise to this complaint. Zojaji acted directly in the interests of ALC in relation to the Plaintiff's employment.

8. At all times relevant to this Complaint, the Plaintiff was employed by the Defendants.

## **JURISDICTION**

9. This cause represents a federal question over which this Court has jurisdiction pursuant to 28 USC § 1331.

10. Venue is appropriate in this Court pursuant to 28 USC § 1391, as the Defendants reside in and are citizens of this judicial district and as all of the events or omissions giving rise to the claim occurred in this judicial district.

11. At all times relevant to this complaint, each of the Defendants was an "employer" of the Plaintiff, and the Plaintiff was an "employee" of the Defendants as those terms are defined by 29 U.S.C. §203(d) and (e).

12. At all times during the Plaintiff's employment with the Defendants, the Plaintiff was directly engaged in interstate commerce.

13. At all times during the Plaintiff's employment with the Defendants, the Defendants were engaged in the production of goods for commerce and/or were involved in an Enterprise which was engaged in interstate commerce or the production of goods for interstate commerce.

14. Each of the Defendants are subject to the FLSA, 29 U.S.C. §201 *et seq.*

## FACTS

15. The Plaintiff worked for the Defendants originally from August 12, 2014 through March 3, 2015 when she was terminated, and then again from August 15, 2016 through November 11, 2016 when she was terminated.

16. From August 12, 2014 through October 2014, Plaintiff was paid $10.00 per hour, then she was given a pay raise to $11.00 per hour. Plaintiff made $11.00 per hour for the duration of her employment with the Defendants.

17. For the entirety of her employment with the Defendants, Plaintiff worked approximately fifty hours per week.

18. Only on very rare occasions was Plaintiff paid overtime.

19. Once Plaintiff's hours neared forty hours the Defendants required the Plaintiff to clock-out with her standard time card and then clock back in on a plain sheet of paper. For all hours recorded on the plain sheets of paper (most of which were overtime), Plaintiff was paid cash at $8.00 per hour.

20. Plaintiff was entitled to $11.00 per hour for all hours worked up to forty hours and time-and-a-half for all hours worked over forty hours at $16.50 per hour.

## LEGAL CLAIMS

21. The Plaintiff reasserts the allegations of paragraphs 1 through 21 of the Complaint as if fully set forth here.

22. The Plaintiff was a non-exempt employee of Defendants who was entitled to an overtime premium for any hours worked over forty (40) in any given work-week pursuant to the FLSA.

23. During the period of her employment, the Plaintiff regularly worked in excess of

forty (40) hours each week, but Defendants did not compensate her for her overtime work.

24. The Defendants' unlawful conduct was willful.

25. The Defendants' conduct violated 29 U.S.C. §207(a)(1).

26. The Plaintiff has suffered injury due to the Defendants' conduct in the form of lost wages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, demands that this Court enter judgment against Defendants, jointly and severally, and grant the following relief:

27. Reimbursement of the Plaintiff's unpaid wages, unpaid overtime, and other economic damages, for a period of three (3) years from the date of this Compliant in an amount to be determined at trial, plus interest at the statutory rate;

28. Liquated damages for all unpaid wages and unpaid overtime under the FLSA;

29. All other economic damages shown to be causally related to the Defendants' conduct.

30. Prejudgment interest.

31. Costs and attorney fees and other costs related to this action; and

32. All other relief available to her at law or in equity.

**REQUEST FOR JURY TRIAL**

The Plaintiff, Andrea Gonzalez requests that this matter be tried to a jury.

Respectfully Submitted:

/s/Patrick L. Proctor
Patrick L. Proctor, #17509-02
EILBACHER LETCHER, LLP
803 South Calhoun Street, 4th Floor
Fort Wayne, Indiana 46802
Telephone: (260) 425-9777
Facsimile: (260) 424-9177